26 C.C.P.A.(Patents)
### GOLDBERG v. THORNHILL et al.
### Patent Appeals No. 4138.

Court of Customs and Patent Appeals.
April 10, 1939.

James & Franklin, of New York City (Maxwell James and Bernard S. Franklin, both of New York City, of counsel), for appellant.

Young, Emery & Thompson, and Irving S. Thompson, all of Washington, D. C., for appellees.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

This is an appeal by the senior party Goldberg from the decision of the Board of Appeals of the United States Patent Office, affirming that of the Examiner of Interferences awarding to the junior party Thornhill and Rohr, priority of invention expressed in two counts of an interference. The counts are as follows:

"1. A handbag assembly of the envelope type comprising, in combination, a flapless handbag body made of flexible material and provided with a slide fastener at its upper edge, and a removable cover, said cover including a single large open pocket dimensioned to receive and enclose

the bag body, one side only of said pocket being extended to form a flap or closure for the handbag assembly, said flap being provided with a lining of similar material, and a backing between the flap and lining in order to add body to the flap or closure, said lining extending behind the bag body into the pocket.

"2. A ladies' handbag assembly of the envelope type comprising, in combination, a flapless handbag body openable at its upper edge, and a removable cover made of washable fabric, said cover including a single large open pocket dimensioned to receive and enclose the bag body, the back wall only of said pocket being extended to form a flap or closure for the handbag assembly, said flap being provided with a lining and said lining extending behind the bag body into the pocket."

The subject matter of the counts in issue relates to a handbag having a removable, washable, "slipcover" possessing certain stated characteristics. The main body of the bag consists of a flexible pocket containing a slide fastener for a closure on the upper edge. This main body of the bag is adapted to be inserted in a fabric cover which is also made in the form of an envelope with a large main pocket to receive the bag body. The back of the cover is extended to form a flap which is provided with a lining of similar material extending downwardly into the main pocket and behind the bag body when the handbag is in assembled condition. The lining in this manner forms a double thickness for the flap so as to give it body and also a double thickness at the hinge portion. The lining further provides a pocket in the flap into which may be inserted a stiffener member to give additional weight or body. Count 1 includes the insert as an element of the handbag assembly.

The invention defined by the counts is regarded as an improvement over the prior art patent of Thornhill and Rohr, No. 1,867,116 of July 12, 1932, which was offered in evidence by Goldberg.

The application of Thornhill and Rohr was filed May 18, 1934, while that of the senior party Goldberg was filed on April 11, 1934.

There was no motion to dissolve and no question is here presented, which we can consider, of anyone's right to make the counts.

The junior party, in order to overcome the prior filing date of Goldberg, took testimony, some of which was suppressed by the Patent Office. Reliance, however, is made upon the testimony of Charles M. Lewis, former sales manager for the Virginia Art Goods Studios, Inc., a corporation of Virginia, owned and controlled by Thornhill and Rohr, and the testimony of Gladys G. Miles, the New York branch office manager of the Virginia Art Goods Studios, Inc. The testimony of these two witnesses was carefully analyzed by the Examiner of Interferences and commented on by the board in their respective decisions.

At the time of giving the testimony, Lewis had quit the employ of Thornhill and Rohr, but he stated that on May 22, 1933 (about three years prior to giving the testimony) he sold a number of bags of style No. 490 to Lord & Taylor, a department store in the city of New York. That these bags were offered for sale by Lord & Taylor was established by a newspaper advertisement appearing in the New York World Telegram of June 8, 1933. The testimony of both Mr. Lewis and Mrs. Miles is quite clear that the bags illustrated in the advertisement and those referred to as Exhibit 2 were the same bags as those sold by Lewis as aforesaid.

The tribunals of the Patent Office concurred in holding that said style No. 490 bag sold by Lewis to Lord & Taylor possessed all the elements expressed in the counts. They stated that the bags so sold were identical with the bags offered in evidence as Thornhill and Rohr's Exhibit 2. It is admitted that said sales in 1933 of No. 490 bags were made, and that bags, represented by Exhibit 2, meet the requirements of the counts. However, appellant contends that the record does not show that the bags numbered 490 were like Exhibit 2. The witnesses Lewis and Miles testified definitely to the contrary, the two tribunals below concurred in giving their testimony full credit, and we have not been convinced that there was error committed in this respect.

Having awarded to the junior party a date at least as early as May 22, 1933, for conception and reduction to practice, it next became necessary for the tribunals below to consider the evidence submitted by the senior party Goldberg.

Goldberg, of Goldberg & Seltzer, Inc., a New York corporation, took no testimony but, purporting to act under the authority of rule 154(e) of the Rules of Practice of the United States Patent Office, offered in evidence a photostatic copy of a contract which is alleged to have been entered into by the companies of the respective parties in compromise or settlement of an infringement suit, brought by the Virginia Art Goods Studios, Inc., against the Goldberg company, which suit involved the patent above referred to.

It is contended by Goldberg that this contract, together with certain pertinent matters hereinafter referred to, show that Goldberg disclosed to the junior party the invention prior to the alleged date of sale testified to by Lewis. It is not urged, however, that the contract itself discloses the elements of the counts involved. It is contended by Goldberg, however, that certain statements by his counsel, one Bernard S. Franklin, which were made in the presence of counsel for Thornhill and Rohr in connection with Franklin's cross examination of the junior party's witness Gladys G. Miles, must be accepted in the same sense as an admission or stipulation and that this statement supplies the necessary proof that the bags to which Franklin referred and which were supposed to have been manufactured by Goldberg, contained the elements of the counts.

It seems that Franklin on cross-examining Mrs. Miles undertook to elicit certain information regarding the contract or at least admissions as to what kind of bags the contract referred to. Franklin then stated: "Mr. Franklin: The distinction which I wish to make is that one of these originals, the one which I referred to, had attached thereto and forming a part thereof, a sample of a handbag with a limp flap and a lining extension extending down behind a zipper foundation which bag was displayed to counsel for Virginia Art by Goldberg at the time of the negotiations leading up to the contract. Other copies of the contract have merely a photostatic picture of the bag."

The Patent Office tribunals both held that Franklin, by his statement as to what the contract contained and related to, could not avoid the necessity for proof on this subject and that, therefore, it was proper to ignore it. With this conclusion we are in agreement. The statement is not in the same category as admissions against interest made by counsel in the trial of litigation. The statement was made by counsel in order to suggest facts which, for some reason, were not otherwise proved. The unsworn statement of counsel that the contract referred to certain things obviously cannot be looked upon as evidence of the facts stated. The fact that opposing counsel did not agree or disagree with the statement made, we think is unimportant.

Goldberg also introduced a copy of the opinion of the Circuit Court of Appeals which related to bags which Goldberg sold and which were held to infringe the patent of the junior party above referred to. We agree with the holding of the tribunals below that that opinion sheds no light on the question of the priority of the issue involved here. The patent to Thornhill and Rohr and the contract above referred to do not prove that Goldberg disclosed the invention to the junior party at the time alleged and Franklin's statement may not be accepted as proof of the facts stated.

It follows that the senior party Goldberg has not proved any date for conception or reduction to practice antedating May 22, 1933, when Lewis made the sale of the bags as aforesaid. The agreement upon which Goldberg relies was dated June 8, 1933, and we find nothing contained in it to suggest that Goldberg was ever in the possession of a handbag corresponding to the counts prior to May 22, 1933, the date for conception and reduction to practice which was properly awarded to appellees.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.